UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
CHRISTINE THOMAS and GREGORY
THOMAS,

                                    Plaintiffs,


                    -against-

RICHARD TORRES and GOLDEN
TOUCH OF TRANSPORTATION OF
NEW YORK, INC.,

                                    Defendants.
-------------------------------------------------------X

MEMORANDUM & OPINION

05-CV-1488 (RER)


**RAMON E. REYES, JR., U.S.M.J.:**

      Plaintiffs Christine and Gregory Thomas brought this action against defendants Richard

Torres ("Torres") and Golden Touch Transportation of New York, Inc. ("Golden Touch")

alleging that Mrs. Thomas sustained physical injuries as a result of defendants' negligence.

Defendants have moved for summary judgment, alleging that Mrs. Thomas' injuries do not meet

the threshold requirement of a "serious injury" under New York Insurance Law § 5102(d).  The

parties have consented to the exercise of plenary jurisdiction by the undersigned pursuant to 28

U.S.C. § 636(c).  For the reasons set forth below, defendants' motion is hereby denied.

<u>Background</u>

      On or about April 5, 2003, Mrs. Thomas was a passenger aboard a bus owned by

defendant Golden Touch and operated by defendant Torres.  According to Mrs. Thomas, Torres'

negligently closed the rear door of the bus while she was exiting the bus, crushing her right arm

and elbow.[1]  Plaintiff alleges that as a result of defendants' negligence she sustained severe, painful and permanent injuries causing her to be out of work from April 5, 2003 until July 2003.

Plaintiff submitted a narrative report prepared by Dr. Daniel DePrince, her treating physician.  In his report, Dr. DePrince stated that plaintiff consulted his office on April 8, 2003 complaining of severe right shoulder pain and swelling, right elbow pain, occasional neck soreness and decreased range of motion and weakness.  *See* Narrative Report by Dr. DePrince, dated July 11, 2006, at 1 ("Dr. DePrince Report").  Dr. DePrince's initial examination of plaintiff revealed acute pain of the right shoulder, tenderness, swelling and significant loss of range of motion.  *Id.* at 2.

During his initial examination, Dr. DePrince performed several orthopedic tests consisting of a Supraspinatus Tendonitis test, an Apley Scratch test, a Cozen's test of the right elbow, and a Mill's test of the right elbow.  *Id.* at 2.  On May 3, 2003, plaintiff underwent an MRI of her right shoulder which revealed supraspinatus and infraspinatus tendinopathy.  *Id.* at 3.  On July 1, 2003, plaintiff underwent an MRI of the cervical spine which revealed C5-C6 and C6-C7 degenerative disk disease with associated mild canal stenosis as well as left neural foraminal narrowing at C5-6.  *Id.*

Dr. DePrince diagnosed plaintiff with the following conditions: (1) post-traumatic right supraspinatus and infraspinatus tendinopathy; (2) post-traumatic right elbow sprain/strain; (3) post-traumatic cervical sprain/strain; and (4) post-traumatic possible right tear of the supraspinatus superiorally.  *Id.* at 4.   In his report, Dr. DePrince noted that although plaintiff

_____

[1] Mr. Thomas brought a derivative action alleging damages for loss of consortium and services due to his wife's injuries.  His claim is not addressed in this opinion.  From here on in "plaintiff" refers to Mrs. Thomas only.

haD made some improvement, she remained very symptomatic. *Id.* He stated that he believes

plaintiff's injuries are permanent and will continue to cause her pain. *Id.* at 5. In a subsequent

declaration, Dr. DePrince stated that in his professional opinion plaintiff's injuries were caused

solely by the April 5, 2003 accident.[2] *See* Declaration of Dr. DePrince, dated September 21,

2006, at 2 ("Dr. DePrince Decl.").

On September 1, 2006, defendants filed a motion for summary judgment seeking

dismissal of plaintiffs' claims on the grounds that plaintiff Mrs. Thomas did not suffer a "serious

injury" within the meaning of New York Insurance Law § 5102(d).

Discussion

A.    <u>Summary Judgment Standard</u>

A motion for summary judgment will be granted where there is no genuine issue as to

any material fact and it is clear that the moving party is entitled to judgment as a matter of law.

FED. R. CIV. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The burden is on the

moving party to demonstrate the absence of a genuine issue of material fact. *Am. Int'l Group,*

*Inc. v. London Am. Int'l Corp.*, 664 F.2d 348, 351 (2d Cir. 1981). In addition, the court must

resolve all ambiguities and draw all reasonable inferences in favor of the nonmoving party.

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). If, however, the nonmoving party

---

[2] In his report, Dr. DePrince referes to an MRI of plaintiff's right shoulder which was taken on March 29, 2000. Based on the MRI results, Dr. DePrince found that plaintiff's accident may have exacerbated a prior shoulder injury. Plaintiff submitted a declaration by Dr. DePrince in which he declared that plaintiff's medical history was erroneously reflected as positive for right shoulder pain. According to Dr. DePrince, plaintiff was to undergo an MRI of her lower back but an incorrect code was written on the referral order and a shoulder MRI was performed instead. Plaintiffs have submitted a note signed by Dr. Eufemia, who ordered the MRI, confirming the issue of an incorrect referral code. *See* Docket Entry 22.

fails to make a showing of an essential element of its case for which it bears the burden of proof, summary judgment will be granted. *Celotex*, 477 U.S. 323; *Smith v. Half Hollow Hill Cent. Sch. Dist.*, 349 F. Supp.2d 521, 524 (E.D.N.Y 2004).

To overcome a motion for summary judgment, the nonmoving party must show that there is an issue of material fact that is in dispute. That is, the disputed fact must be one which "might affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 242. If the nonmoving party does not set forth specific facts showing that there is a genuine issue for trial, summary judgment is appropriate. FED. R. CIV. P. 56(c).

B.    New York Insurance Law Section 5102(d)

Under New York "no fault" insurance law, a suit for non-economic injuries against an insured motorist is only available when the injured person has suffered a serious injury. New York Insurance Law § 5104(a). Serious injury is defined as:

> a personal injury which results in death; dismemberment; significant disfigurement; a fracture; loss of a fetus; permanent loss of use of a body organ, member, function or system; permanent consequential limitation of use of a body organ or member; significant limitation of use of a body function or system; or a medically determined injury or impairment of a non-permanent nature which prevents the injured person from performing substantially all of the material acts which constitute such person's usual and customary daily activities for not less than ninety days during the one hundred eighty days immediately following the occurrence of the injury or impairment.

*Id.* § 5102(d).

In order to prevail on a motion for summary judgment, defendants must first establish a prima facie case that the plaintiff did not sustain a serious injury. Defendants may rely on unsworn reports by plaintiff's physicians, *see McGovern v. Walls*, 201 A.D.2d 628, 628-29, 607 N.Y.S.2d 964, 964-65 (2d Dep't 1994), however, reports by defendant's physicians must be in

the form of sworn affidavits or affirmations.  *See Marsh v. Wolfson*, 186 A.D.2d 115, 115-16,

587 N.Y.S.2d 695, 695-96 (2d Dep't 1992); New York C.P.L.R. § 2106.  Once the defendant has

established a prima facie case, the burden shifts to the plaintiff to demonstrate a serious injury.

*Gaddy v. Eyler*, 79 N.Y.2d 955, 957, 582 N.Y.S.2d 990, 992 (1992).  The plaintiff's evidence

must be in the form of sworn affidavits or affirmations by physicians.  *Grasso v. Angerami*, 79

N.Y.2d 813, 814, 580 N.Y.S.2d 178, 179 (1991).

C.      Analysis

        Plaintiff alleges that she falls within three categories of "serious injury" under New York

Insurance Law § 5102(d): (1) permanent loss of use of a body organ, member, function or

system; (2) significant limitation of use of a body function or system; and (3) a medically

determined injury or impairment of a non-permanent nature which prevents the injured person

from performing substantially all of the material acts which constitute such person's usual and

customary daily activities for not less than ninety days during the one hundred eighty days

immediately following the occurrence of the injury or impairment.  Plaintiffs' Letter in

Opposition at 4 ("Pl. Ltr.").

        At the request of defendants, plaintiff submitted to a neurological examination by Dr.

Marshall Keilson and an orthopedic examination by Dr. Edward Toriello.  According to Dr.

Keilson, there was full range of motion of plaintiff's neck, with no local tenderness, and

complaints of pain with attempted abduction of the right shoulder past ninety degrees.  *See*

Neurological Report by Dr. Kielson, dated April 25, 2006, at 5 ("Dr. Kielson Report").  In his

report, he stated that plaintiff has continued complaints of pain and limitation of movement in

her right shoulder and occasional soreness in her right elbow.  *Id.*  He opined that plaintiff had a

prior right shoulder injury as well as a prior lower back problem.[3] *Id.* He concluded, however, that plaintiff did not suffer from any neurological disability as a result of the April 5, 2003 accident. *Id.*

Dr. Toriello found that plaintiff suffered a resolved exacerbation of a prior right shoulder injury as well as a resolved right shoulder strain, cervical strains and right elbow contusion. *See* Orthopedic Report by Dr. Toriello, dated April 25, 2006, at 4 ("Dr. Toriello Report"). He determined that the injury to plaintiff's right shoulder was an acute exacerbation of a pre-existing condition dating back to at least March 2000. *Id.* In Dr. Toriello's opinion there was no objective evidence of an orthopedic disability or permanency as a result of the April 5, 2003 accident. *Id.*

Because defendants have submitted affidavits from their own physicians stating that plaintiff no longer suffers from an injury and that any injury she sustained was not caused by the accident, defendants have met their initial burden of showing the absence of a genuine issue of fact. In order to demonstrate that there is a genuine issue of material fact, plaintiff must offer objective proof of an injury; subjective complaints are not sufficient. *Arenes v. Mercedes Benz Credit Corp.*, No. 03-CV-5810, 2006 WL 1517756, at *7 (E.D.N.Y. June 1, 2006); *Decaze v. D & D Transportation*, No. 01-CV-6543, 2005 WL 2436222, at *4 (E.D.N.Y. Sept. 30, 2005); *Toure v. Avis Rent A Car Sys.*, 98 N.Y.2d 345, 350, 746 N.Y.S.2d 865, 868 (2002).

---

[3] Both Dr. Keilson and Dr. Toriello point to two different medical reports that indicate plaintiff sustained a right shoulder injury prior to the April 5, 2003 accident. On December 23, 1996, plaintiff consulted with Dr. Scott Jones about pain in her neck and right shoulder. *See* Def. Summ. Judg. Ltr. Motion, Ex. D. Dr. Jones diagnosed plaintiff with a sprain/strain of the right shoulder. *Id.* Dr. Kielson and Dr. Toriello also refer to the MRI report dated March 29, 2000 and prepared by Dr. Jerry Apple at the request of Dr. Eufemia.

1.     <u>Permanent Loss of Use of Body Organ, Member, Function or System</u>

In order to qualify as a serious injury within the meaning of the statute, "permanent loss of use" must be total.  *Oberly v. Bangs Ambulance, Inc.*, 96 N.Y.2d (295, 299 (2001).  A plaintiff who merely establishes a partial loss of use of a body organ, member, function, or system does not satisfy the serious injury requirement.  *Id.*  Plaintiff claims that as a result of her injury she is unable to perform certain activities and is only able to perform certain others with difficulty.  Plaintiff's Deposition at 68-77 ("Pl.'s Depo").  Plaintiff, therefore, has failed to meet her burden of demonstrating a total loss of use of a body organ, member, function or system.

2.     <u>Significant Limitation of Use of a Body Function or System</u>

A significant limitation must be something more than a "minor, mild or slight limitation of use."  *Licari v. Elliott*, 57 N.Y.2d 230, 236, 455 N.Y.S.2d 570, 573 (1982); *see also Zavialov v. Morgan*, No. 96-CV-5705, 2000 WL 133846, at *4 (E.D.N.Y. Jan.13, 2000).  Moreover, a plaintiff's subjective complaints of pain, without objective evidence, is not sufficient to establish a significant limitation.  *Nasrallah v. Oliveiri Helio De*, No. 96 Civ. 8727, 1998 WL 152568, at *5 (S.D.N.Y. Apr. 2, 1998).  Proof of a significant limitation may be established by either (1) "an expert's designation of a numeric percentage of a plaintiff's loss of range of motion" or (2) "an expert's qualitative assessment of a plaintiff's condition . . ., provided that the evaluation has an objective basis and compares the plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system."  *Toure v. Avis Rent A Car Sys., Inc.*, 98 N.Y.2d 345, 350, 746 N.Y.S.2d 865 (2002).

Dr. DePrince indicates in his report, which addresses plaintiff's condition as of the time of the accident as well as July 11, 2006, that plaintiff sustained shoulder injuries as a result of the accident that are a significant limitation on the movement of her neck, arm and shoulder. Plaintiff originally complained of severe right shoulder pain and swelling, right elbow pain as well as occasional neck pain. In his report, Dr. DePrince states that he conducted different orthopedic tests which provided objective medical evidence of right supraspinatus and infraspinatus tendonopathy, right elbow sprain/strain, cervical sprain/strain and possible right tear of the supraspinatus superiorly. Dr. DePrince Report at 2. He also points to two MRI exams which revealed that plaintiff has supraspinatus and infraspinatus tendinopathy, and C5-C6 and C6-C7 degenerative disk disease as well as left neural foraminal narrowing at C5-6. *Id.* at 3.

Based on the results of the MRI tests, his own orthopedic tests as well as plaintiff's subjective complaints, Dr. DePrince opines that plaintiff's injuries are permanent and will continue to cause her pain and pre-dispose her to re-injury. *Id.* at 5. He also states in his report that plaintiff remains very symptomatic despite some subjective improvement. *Id.* at 4.

In sum, Dr. DePrince's report reveals that plaintiff's diagnosed injuries, which have lasted over three years, are supported by objective medical observations and constitute a significant limitation on the use of her neck, arm and shoulder. This is sufficient to raise a genuine issue of material fact as to whether or not plaintiff suffers from a serious injury.

  3. <u>90 Out of 180 Days</u>

New York Insurance Law  § 5102(d) requires that a plaintiff's injury render him or her unable to perform "substantially all" usual customary and daily activities for "not less than ninety days during the one hundred eighty days immediately following the occurrence of the

injury or impairment." *Id.* Evidence that establishes only a "slight curtailment" will not be sufficient. *See Licari*, 57 N.Y.2d at 236, 455 N.Y.S.2d at 573. Again, a claim of serious injury under this category must be supported by objective medical evidence. *Toure*, 98 N.Y.2d at 357, 746 N.Y.S.2d at 872; *see also Cullum v. Washington*, 227 A.D.2d 370, 371, 642 N.Y.S.2d 86, 87 (2d Dep't 1996) ("plaintiff's self-serving and contradictory comments concerning her inability to perform her usual and customary daily activities for three months after the accident, without more, are insufficient to defeat a motion for summary judgment.").

Plaintiff alleges that she was unable to engage in "usual and customary daily activities" for at least ninety days immediately following the occurrence of the injury. In support, plaintiff points to the fact that she was out of work from the date of the accident, April 5, 2003, until July 2003. At her deposition, plaintiff testified that she was unable to shop for more than a few items at the grocery store, unable to attend exercise classes, perform certain yoga positions, unable to garden, unable to zip up her clothing as well as unable to have relations with her husband. Pl. Depo at 68-77.

Plaintiff has presented evidence sufficient to raise a genuine issue of fact as to whether she sustained a serious injury under the 90/180 category. Dr. DePrince opined that plaintiff's injuries are serious and permanent and will continue to cause her pain. Dr. DePrince Report at 5; *see also* Dr. DePrince Decl. at 2. Her subjective complaints and deposition testimony are supported by objective medical evidence that her injuries rendered her unable to perform substantially all of her usual customary and daily activities as reflected in Dr. DePrince's report.

<u>Conclusion</u>

Plaintiff has met her burden of proving that there is a genuine issue of material fact as to whether she sustained a serious injury within the meaning of New York Insurance Law § 5102(d).  Accordingly, defendants' motion for summary judgment is denied.

Dated: Brooklyn, New York
       October 11, 2006

                                             /s/
                                   **Ramon E. Reyes, Jr.**
                                   **United States Magistrate Judge**